UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM TEMPLE,            )<br>                                           )<br>               Petitioner,        )<br>                                           )<br>v.                                       )<br>                                           )<br>SUPERINTENDENT JEFF WRIGLEY, )<br>                                           )<br>               Respondent.     ) | No. 1:08-cv-1434-LJM-JMS |

**Entry Discussing Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

William Temple is serving the executed portion of a sentence imposed by an Indiana state court for child molesting. *Temple v. State,* No. 49A02-0702-CR-125 (Ind.Ct.App. August 17, 2007)(unpublished order). At the time this habeas action was filed, Temple was pursuing an action for post-conviction relief in the trial court. Temple's federal habeas claims were not included in his direct appeal. Those claims either were or could have been asserted in his action for post-conviction relief. The action was therefore dismissed without prejudice as having been brought prematurely. This disposition was remanded "to consider whether a stay might be more appropriate than outright dismissal." The backdrop for this concern is that the Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

If the state post-conviction action has been concluded, the question of a stay may be moot. On the other hand, if the dismissal of this action without prejudice would "effectively end any chance at federal habeas review" because there is a substantial risk the prisoner could not re-file, the court is to consider whether a stay might be more appropriate than an outright dismissal. *Dolis v. Chambers,* 454 F.3d 721, 725 (7th Cir. 2006). The Supreme Court has explained that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Rhines v. Weber,* 544 U.S. 269, 277 (2005). "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The expanded record shows two pertinent features of the post-conviction action in the trial court relative to the present habeas action. First, the post-conviction action remains pending in the trial court. Second, Temple's petition for post-conviction relief was actually filed before his conviction became final for statute of limitations purposes–the petition for post-conviction relief having been filed on September 14, 2007, and the conviction having become final on November 15, 2007. See *Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). Based on these circumstances, Temple was directed to show cause by December 1, 2009, why the case should not be dismissed without prejudice. He has not responded. As these circumstances demonstrate, therefore, the tolling provision of 28 U.S.C. § 2244(d)(2)(one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court) has operated in such a fashion here that not a single day of the 1-year period has been used up to this point. This confirms that dismissal without prejudice is appropriate where, as here, there is no substantial risk that it will jeopardize a petitioner's opportunity to bring a § 2254 petition after he has exhausted state remedies. *See Tucker v. Kingston,* 538 F.3d 732, 735 (7th Cir. 2008) (upholding dismissal of federal habeas petition when five months of the statute of limitations period remained).

Because Temple has brought an action for federal habeas relief asserting claims which have not yet been exhausted in the state courts, because the state post-conviction process is ongoing and encompasses the habeas claims, and because the dismissal of this action would not create a substantial risk that Temple will be unable to re-file for federal habeas relief after he has exhausted his state remedies, this action is dismissed without prejudice.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/03/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana